### Hamner v. Lenox Saw Mill Company's Receiver, et al.

(Decided January 18, 1927.)

Appeal from Morgan Circuit Court.

Receivers—Evidence Held Not to Show Salary Due General Manager of Sawmill, so as to Permit Lien Therefor After Receiver's Appointment (Kentucky Statutes, Section 2487).—Evidence that

general manager of sawmill company was paid salary by hardwood company, employing him prior to commencement of service, and that he had knowledge of receivership during period of claim of one month's salary after receiver's appointment, held to show no salary due him, so as to permit lien therefor, under Kentucky' Statutes, section 2487.

EVERET MATHIS for appellant.

H. M. COLLINS and S. M. NICKELL for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

Some time in the summer of 1921 the Lenox Saw Mill Company placed its affairs in the hands of a receiver. Thereafter the appellant, W. E. Hamner, filed claim against the receiver for $2,817.94, with interest from July 31, 1921. Prior to the filing of his claim he had filed a claim in the office of the clerk of the Morgan county court under the provisions of 2487, Kentucky Statutes. His claim was contested by the receiver and after final hearing the court allowed his claim in the sum of $2,000.00, with interest from the date of the judgment, but refused to allow him a lien against the property of the Lenox Saw Mill Company for the security of his claim. He has appealed from so much of the judgment of the lower court as refused to sustain his lien. The appellees have obtained a cross-appeal seeking to reverse the judgment for $2,000.00.

The facts as disclosed from the record are rather simple. The appellant was an employee of the American Lumber and Manufacturing Company and was the manager of the hardwood department of that concern during the year 1919 and a part of the year 1920. The appellant was employed as general manager of the Lenox Saw Mill Company by the president, who also appears to have been president of the American Lumber and Manufacturing Company. The appellant had been located in Pittsburg and after his employment as general manager of the Lenox Saw Mill Company he was to come to Kentucky and take charge of the affairs of that company. The contract of employment between appellant and W. D. Johnson, president of both companies mentioned, was verbal. The salary that appellant was to receive as general manager of the saw mill company was $500.00 a month and expenses. Appellant claims that the salary was to commence on the first of January, 1920, and that it continued

until about the first of August, 1921.    Johnson claims that the salary was to commence the first of April and not the first of January.    An analysis of the evidence convinces us that the amount allowed by the lower court was the salary for the first three months in the year 1920, and for the month of July, 1921.    It follows, therefore, that the lower court disallowed appellant's claim for certain expenses.

Appellant's construction of the contract is that the saw mill company was to pay his board while he was at Lenox and this is disputed by the saw mill company.    Leaving the matter of expenses as determined by the lower court the case reduces itself to the question of whether appellant was entitled to recover $1,500.00, for the first three months of 1920, and the further sum of $500.00, for the month of July, 1921.    If we reach the conclusion that appellant was not entitled to recover any sum and the case should be reversed on cross-appeal, it will be unnecessary to go into the question of whether the appellant has a superior lien or any lien on the property of the saw mill company.    Appellant is positive in his understanding of the contract that the salary was to commence on the first day of January, 1920.    Johnson who employed him is equally positive that the salary was to commence the first of April.    Appellant had been employed by the American Lumber and Manufacturing Company for something more than a year before he was employed as general manager of the Lenox Saw Mill Company.    At the beginning of his employment he received a salary of $250.00, and this was later increased to $300.00.    Beginning the first of January, 1920, his salary from the American Lumber and Manufacturing Company was to be $400.00 a month and there seems to be no disagreement about this.    It is the contention of appellant, and he supports his contention by his testimony, that for the first three months of 1920 he was to receive a salary of $400.00 from the American Lumber and Manufacturing Company and a salary of $500.00 from the Lenox Saw Mill Company, making a total salary for these three months $900.00 per month.    He supports his contention by a statement of his account which was made up for him June 1, 1921, by the bookkeeper of the saw mill company which showed that he had been credited with his salary of $500.00 a month by that company for January, February and March, 1920.    He went to Lenox on two

occasions before the first of April, but remained only for a day or two. As the American Lumber and Manufacturing Company was handling the lumber of the saw mill company, it is as reasonable to suppose that he went to Lenox on these occasions for the first mentioned company as it is to suppose that he went for both companies.

On the other hand, Johnson, the president of both companies, testified that the salary of appellant as general manager of the saw mill company was not to commence until he came to Kentucky for the purpose of taking charge of the business of that company and that he came to Kentucky the latter part of April or the first of May. The bookkeeper for the saw mill company admits that he gave appellant credit for $500.00 for each of the first three months in January, but says that he put a question mark after the $1,500.00 credit because he was not sure whether it was to be paid by the American Lumber Company or by the Lenox Saw Mill Company. He also states that when he made out the account of date June 1, 1921, and delivered the statement to appellant he put a question mark after the $1,500.00 item and that the question mark had been erased. Appellant testified positively that he was not paid any compensation by the American Lumber and Manufacturing Company for the first three months of the year 1920, but later when he was recalled he admitted that he received a salary of $400.00 a month from that company for these three months. It is also shown that said company mailed him a check for another month's salary, which was returned by appellant with the statement that he was drawing a salary from the Lenox Saw Mill Company at that time.

The fact that appellant was receiving $300.00 a month from the American Lumber and Manufacturing Company at the time he was employed by the Lenox Saw Mill Company is persuasive that Johnson is correct in his version of the contract. It does not appear reasonable to us that Johnson, who was president of the company for whom appellant was working at the time, would employ him in a position agreeing to raise his salary to $900.00. It is more reasonable to believe that the salary of appellant was to be $500.00 as general manager of the Lenox Saw Mill Company. As he was paid his salary by the American Lumber and Manufacturing Company for the first three months of the year 1920, we do not believe

that the lower court was justified in allowing his claim for $1,500.00, representing salary for these three months. The judgment of the lower court in this respect was against the weight of the evidence when all the circumstances are taken into consideration. It is true that the books of the saw mill company showed that appellant had been given credit by the salary for these three months. This credit was placed on the books some time after the first of April, 1920. The reason for its appearing on the books erroneously is satisfactorily explained by the bookkeeper.

We are of the opinion that the evidence does not show that appellant was entitled to include his board bill while in Lenox as a part of the expenses covered by the contract.

This leaves the portion of the claim which arose after July, 1921. Appellant claims he had no notice of the receivership and that he had not been advised that his services were no longer required. On this point he is contradicted by two witnesses who state that he was notified on the 27th day of June that the affairs of the saw mill company had been placed in the hands of a receiver to be wound up. He mentions some work which he performed for the saw mill company after the first of July, but on the whole evidence we have reached the conclusion that his services for the company under the contract ceased not later than July 1, 1921.

Demand was made by the attorneys for appellant for a statement showing the balance due, and a corrected statement was made up by the bookkeeper and sent to them. This statement showed that a balance of $151.00 was due appellant and a check was inclosed for that sum, which was accepted.

In view of the testimony of the appellant that he had not received any compensation from the American Lumber and Manufacturing Company for the first three months of 1920, which testimony was modified after it was proven that he had received his salary from said company for these three months, and in view of the further fact that the increase in his salary from $300.00 to $900.00 appears unreasonable under the circumstances, and in view of the further fact that much time elapsed after the money claimed was alleged to have been earned before any demand was made for its payment, and the circumstances surrounding the entire transaction, we have

reached the conclusion that the court erred in allowing appellant any sum. This makes it unnecessary to determine any of the other questions involved in the suit. The lower court should have dismissed the appellant's claim.

The judgment is reversed on cross-appeal with directions to dismiss the claim of appellant.